**GRAY ESTATE et v GRAY**
**YOAKUM v GRAY**
**SCHWENDT v GRAY**
**GRAY et v GRAY**
**GRAY ESTATE CO et v GRAY**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2795, 2796, 2797, 2798 & 2799

Decided July 15, 1937

Butler & Summers, Columbus. for the receiver.

Harley E. Peters, Columbus, for Anna L. Forsythe in Case No. 2795.

James I. Boulger, Columbus. for Anna L. Forsythe, in Case No. 2795.

Charles A. Eberly, Columbus, for appellant in Nos. 2796 and 2797.

Pretzman, Dillon & Craig, Columbus. for. John T. Farson, in No. 2798.

Tussing & Lane, Columbus, for Joseph A. Klunk, in No. 2799.

Huggins & Ligget, Columbus. for Henry A. Abbott.

## OPINION

### By THE COURT

The above entitled causes are now being heard on two motions of the trustee of Eugene Gray, d.b.a. Eugene Gray & Company. The first motion asks that the appeals of the several appellants in the five cases be dismissed upon the ground that the appellants are not parties to the proceeding.

The following statement of the history of the proceedings is essential to understand the scope of the above motion.

On September 21, 1934, the original petition was filed, asking for the appointment of a receiver for Gray, the petition being based upon an unsatisfied judgment, as well as other circumstances as set forth in the petition. On the same day James P. Cornetet was appointed receiver for Gray and is still acting in that capacity.

At the time of the appointment of the receiver numerous customers had accounts with Gray. Gray was engaged in business as a broker, and dealt in securities. Gray carried in the customers' accounts certain securities to secure balances due. In a great many of these cases the securities had been re-pledged by Gray to secure accounts or debts owing by the broker to such re-pledgees. In some instances the customers whose securities were so re-pledged owed nothing to Gray. In other instances the customers owed balances to the broker on trading or margin accounts. In other instances the owner of securities had borrowed money from the broker giving to the broker a note with collateral securities attached, which collateral had been detached, the note remaining in the possession of Gray, the collateral being re-hypothecated as aforesaid. In other instances securities of customers had been sold by a re-pledgee prior to the appointment of the receiver. At the time of the appointment of a receiver certain securities of customers were in repledge as aforesaid with Vercoe & Company, a brokerage firm of the City of Columbus, Ohio; in the same manner certain securities were in re-pledge at the Huntington National Bank of Columbus. and at the First National Bank at Newark, and others with F. A. Benua. The amounts owing by the broker to the respective re-pledgees far exceeded the amounts due from the various customers. The re-pledgees claimed liens against. the securities to satisfy their claims. The entire matter, while ascertainable as to the facts, was in serious dispute as to the rights and priorities of the various claimants. In order to present the question to the trial court for determination of the priorities in these several so-called funds, the receiver, on February 8, 1935, filed an application which was supplemented on March 13, 1935, setting forth all the facts and figures relative to the questions involved and asked instruction of the court.

All interested claimants were given notice and copies of the application and the supplement thereto, said notice fixing a time for hearing, which was held April 8, 1935, before a judge of the Common Pleas Court of Franklin County, Ohio. A number of counsel were present representing the respective claimants; the matter was heard on statements of counsel and statements of fact in writing by the various claimants. None of the claimants made or filed a formal application for allowance of their claim, but all was determined on the application of the receiver, together with the stipulations and agreed statements.

The receiver files his motion for dismissal of the appeal upon the application of certain claimants whose claims were allowed, and whose position would be antagonistic to that of the present appellants, whose claims were disallowed, or disallowed as to priority. We have before us the briefs of the receiver and brief of counsel for appellants in case No. 2795. Counsel for Henry D. Abbott, a preferred

claimant according to the judgment of the trial court, also files a brief in support of the trustee's motion to dismiss.

Without going into any lengthy discussion or comment on the authorities cited, we are of the view that the appellants have such interest in the █ controversy as permits them to perfect an appeal from the judgment of the Court of Common Pleas. Regardless of the fact that these respective appellants filed no pleading, they did appear in court and had a hearing upon their respective claims. The nature of the application filed by the receiver made it unnecessary for them to file any pleading. Had they filed a pleading it would have been nothing more than a reiteration of the request of the application of the receiver. Probably, each individual claimant, had he filed any pleading, would have made the request that his or her respective claim be allowed or given preference. In fact, in reality, this would have added nothing to the application of the trustee.

The effect of the finding and judgment of the Common Pleas Court can be given no other construction than a finding against the claims of these appellants; they certainly would have the right to have that finding and judgment reviewed, either de novo on an appeal on question of law and fact, or error on an appeal on question of law. The motion will be overruled.

The second motion filed by the trustee requests that the appellants be required to give an appeal bond in an increased amount. In case No. 2797, R. J. Schwendt, appellant, the appeal was on question of law. In this case no motion is interposed for new bond or increased bond. In the other four cases identical motions were filed. In case No. 2796, while the appeal is on question of law and fact, counsel for appellant apparently have proceeded as though an appeal on question of law. The distinction between the two kinds of appeal is set out in §12223-1 GC, as effective January 1, 1936. An appeal on questions of law is comparable to what was formerly proceeding in error, while an appeal on question of law and facts permits a de novo hearing, if a chancery case. Of course in de novo hearings briefs are not due until after the taking of the evidence in this court; furthermore, in a chancery case it would not be requisite to file assignments of error. In case No. 2796 counsel have filed assignments of error and also briefs, and this is our reason for the above statements that counsel apparently were following the procedure of an appeal on question of law.

We might say, however, that the record disclosed that the appeal bond was given which was following the records of procedure on an appeal on question of law and fact. So far as we are advised no bill of exceptions has been filed and in this particular an appeal on question of law would not be complied with.

On the application for an increase of the appeal bond we will necessarily consider the four cases as an appeal on questions of law and fact.

We understand that the securities ordered sold by the receiver at the time of the order were of the value of $35,600.00. There has been a marked depreciation in the value of these securities. On today's market the value would be approximately reduced $4,800.00. The best information at hand indicates that the reduction in value is due to the labor troubles. The purpose of an appeal bond is to provide for the probable losses, if the final decision should be against the appellants. It █ is our conclusion that this application for increase in the bonds will be allowed, and a new bond will be required in the sum of $5,000.00 in each case. Of course there is no liability on the bond unless the ultimate determination is against the appellants. We have fixed the amount of the bond at the minimum on the feeling that the securities will not likely reach a lower level. If the depreciation in value should continue substantially, the amount of the bond may be increased at a future time. New bond will be given within ten days.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.